**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

GEOFFERY D. JOHNSTON, et al.,

Plaintiffs,

v.                                                                    CIVIL ACTION NO.   2:26-cv-00054

DR. ARVIN SINGH, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *pro se Complaint* (Document 1-1), the Plaintiffs' *Motion for Case No. 25-C-1480 to Remain in the Circuit Court of Kanawha County, West Virginia* (Document 5) and the Defendants' *Response to Motion for Case No. 25-C-1480 to Remain in the Circuit Court of Kanawha County, West Virginia* (Document 11), as well as the *Notice of Removal* (Document 1).   Additionally, the Court has reviewed the *Defendants' Motion to Dismiss* (Document 12), the *Defendants' Memorandum of Law in Support of Motion to Dismiss* (Document 13), the *Plaintiffs' Response to Defendants' Motion to Dismiss Dated February 12, 2026* (Document 15), the *Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss Dated February 12, 2026* (Document 18), and the *Plaintiffs Response to Defendants Reply Dated March 2, 2026* (Document 23), as well as all exhibits.

By *Administrative Order* (Document 4) entered on January 26, 2026, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to

this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.   On March 17, 2026, Magistrate Judge Aboulhosn submitted a *Proposed Findings and Recommendation* (PF&R) (Document 12), wherein it is recommended that this Court deny the Plaintiffs' motion, grant the Defendants' motion to dismiss, dismiss the Plaintiff's complaint, and remove this matter from the Court's docket.   The Plaintiffs timely objected to the PF&R by filing their *Objections for Proposed Findings and Recommendations Dated March 17, 2026* (Document 27).   For the reasons stated herein, the Court finds that the Plaintiffs' objections should be overruled, and the PF&R should be adopted.[1]

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In the PF&R, Magistrate Judge Aboulhosn sets forth in great detail the procedural and factual history surrounding the Plaintiffs' claims.   The Court incorporates by reference those facts and procedural history.   In order to provide context for the ruling herein, the Court provides the following summary.

The Plaintiffs, Geoffery D. Johnston and Cindy M. Johnston, allege that on November 6, 2025, they were contacted by the Kanawha County CPS concerning the placement of their niece's children.   However, after a background check, substantial allegations of child abuse were discovered in Cabell County.   The Plaintiffs assert that they never had an open CPS case in Cabell County, and that their only association with Cabell County CPS was through case workers Anita Evans and Ntella Kalaja.   The Plaintiffs allege that while employed as a case worker in Lincoln

---

[1] The Court notes that many of the Plaintiffs' filings were signed only by Plaintiff Geoffery D. Johnston and recognizes that Mr. Johnston cannot represent Ms. Johnston in this matter.   However, for convenience, and given that Ms. Johnston's claims would be dismissed on the same basis as Mr. Johnston's or for failure to prosecute, the Court refers to the "Plaintiffs" throughout this opinion.

County, Ms. Evans brought false allegations of child abuse against them.   They further allege that as a result of those false allegations, they have suffered from "financial ruin, physical and mental torture, humiliation from [their] arrest and local news articles," and "lost their home, cars, jobs, and most importantly, [their] children."   (Compl. at ¶ 6.)   The Plaintiffs allege that Ms. Kalaja "divulged sensitive, private information to another Case Worker to destroy [their] chances of having children placed in [their] home."   (*Id.* at ¶ 7.)

The Plaintiffs claim that the Defendants have violated W. Va. Code § 61-11-25(d) "by not certifying to the court within 60 days that the expungement was completed," and that the Defendants failed "to provide proper training, knowledge, monitoring, and supervision," which "allowed the Child Protective Services to violate[] W. Va. Codes 61-11-25(d) and (e), and the 'Final Order' of the Lincoln County Chief Judge Jay Hoke."   (Id. at ¶ 4-5.)   The Plaintiffs further claim that the Defendants violated their constitutional rights under the Fifth and Fourteenth Amendments and their civil rights under 42 U.S.C. § 1983.   They request immediate expungement of their records, monetary damages in the amount of $50,000, and that the Defendants pay any cost and fees associated with this action, as well as any punitive relief the Court deems appropriate.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this Court need not conduct a de novo review when a party "makes general and conclusory

3

objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that the Plaintiffs are acting *pro se*, and the pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

Judge Aboulhosn recommends that the Plaintiffs' motion to remand be denied, the Defendants' motion to dismiss be granted, and that the Plaintiffs' complaint be dismissed. As an initial matter, Judge Aboulhosn found that the Plaintiffs conceded the Defendants' arguments related to sovereign and qualified immunity, their state statutory immunity, the pre-notice requirements pursuant to W. Va. Code § 55-17-3, the inapplicability of W. Va. Code § 61-11-25 to the Plaintiffs' claims, and the Court's lack of jurisdiction. Regarding the Plaintiffs' motion to remand, Judge Aboulhosn found that the Defendants timely filed their notice of removal, given that the Plaintiffs' notice did not identify their § 1983 claim and that the Defendants did not receive notice of such claim until they received the Plaintiffs' complaint on December 29, 2025. Turning to the motion to dismiss, Judge Aboulhosn found that as "officials of the agency formerly known as the West Virginia Department of Health and Human Services", the Defendants are entitled to sovereign immunity, and therefore, the Plaintiffs' complaint must be dismissed. (PF&R at 10.)

The Plaintiffs assert several objections to the PF&R. Initially, they object to the finding in the PF&R that they failed to address the Defendants' sovereign immunity and qualified immunity arguments, asserting that they addressed those arguments in their response to the Defendants' reply. The Plaintiffs also object, contending that they were within the requirements

4

outlined in W. Va. Code § 55-17-3, in that they notified the WV Attorney General on October 12, 2025, and filed their civil action on December 12, 2025.   Also, they object to the PF&R, asserting that the Defendants did not dispute or address their argument that the Defendants "inflated" their monetary demand in the Notice of Removal and thus abandoned that defense.   Too, they object by asserting that sovereign immunity under the Eleventh Amendment does not preclude actions brought against state officials in their personal capacity or under *Ex parte Young*.   Further, Plaintiffs object to the Magistrate Judge finding that the Defendants did not violate 28 U.S.C. § 1446, asserting that the Defendants had until December 17, 2025, to file their notice of removal given that the last defendant was served on November 17, 2025.   They claim that this action should be remanded given that the Defendants violated 28 U.S.C. § 1446 and W. Va. Code §§ 49-2-802(h) and 49-4-601b(d)(2).   Lastly, the Plaintiffs object to the Magistrate Judge's finding that they filed a "First Amended Complaint for Employment Discrimination," contending that they never filed such a complaint with any court.

As an initial matter, some of the Plaintiffs' objections relate to their responses to the Defendants' arguments filed in a sur-reply after the PF&R was entered.   Because those arguments were not timely presented, the Magistrate Judge found that the Plaintiffs conceded the Defendants' arguments.   Although the failure to respond to an argument is typically construed as a concession, see *Stenlund v. Marriott Int'l, Inc.*, 172 F.Supp.3d 874, 887 (D. Md. 2016), courts retain discretion to decline to view arguments as conceded.   *See Merritt v. Casto*, No. 2:22-cv-00556, 2023 WL 2589679, at *5 (S.D. W. Va. Mar. 21, 2023) (refusing "to deem the Plaintiff's failure to respond to the Defendants' specific arguments as a concession").   Because the Plaintiffs are proceeding

*pro se* and ultimately responded to the Defendants' arguments, the Court will not view their untimely responses as concessions.

Beginning with the Plaintiffs' objections related to their motion to remand, the Plaintiffs primarily reassert arguments made in their motion pertaining to the Defendants' alleged failure to comply with 28 U.S.C. § 1446.[2]   § 1446 requires a defendant to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief."   28 U.S.C. § 1446(b)(1).   § 1446 further provides:

> [I]f the case stated by the pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.

*Id.* at § 1446(b)(3).

The Notice provided by the Plaintiffs is not a "pleading," but even if it were, as Judge Aboulhosn correctly found, the Notice did not contain the Plaintiffs' § 1983 claim and stated that the "[g]overning [l]aw" would "be governed under the laws of the [S]tate of West Virginia." (Document 11-1.)   Thus, the Notice did not permit the Defendants to ascertain that the case was one which was or had become removable.   Because the Defendants did not receive the complaint, which showed that the Plaintiffs were also bringing a § 1983 claim, until December 29, 2025, and filed their notice of removal on January 23, 2026, they were well within the thirty-day filing requirement of § 1446.   Accordingly, the Plaintiffs' objections related to the motion to remand should be overruled.

---

[2] The Plaintiffs also assert that this case should be remanded because the Defendants violated W. Va. Code 49-2-802(h) and 49-4-601b(d)(2).   However, those provisions do not give rise to a private cause of action.   Even if they did, the alleged violations of those statutory provisions arise out of the same facts that give rise to the Plaintiffs' § 1983 claim, and thus this Court would have supplemental jurisdiction.   *See* 28 U.S.C. § 1367(a).

Next, the Court considers the Plaintiffs' objections contending that the Defendants are not entitled to sovereign or qualified immunity.   "[A]n official sued in his personal capacity may raise personal immunity defenses such as absolute or qualified immunity, however, these types of immunity are unavailable for an official sued in his official capacity." *Benton v. Layton*, 628 F.Supp.3d 661, 667 (E.D. Va. 2022) (citing *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985)); *see also Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 306 (4th Cir. 2006). However, an official sued in his official capacity may be entitled to sovereign immunity under the Eleventh Amendment.   *Ridpath*, 447 F.3d at 307 n.13 (citing *Graham*, 473 U.S. at 167); *Benton*, 628 F.Supp.3d at 667.   It appears that the Plaintiffs have brought suit against the Defendants in their official capacities given that the Defendants are named as officials of the former West Virginia Department of Health and Human Services.[3]   However, the Court also considers the Plaintiffs' objection related to qualified immunity given that they claim sovereign immunity does not preclude bringing an action against the Defendants in their personal capacities.

First, addressing the Defendant's sovereign immunity, "absent [a] waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Graham*, 473 U.S. at 169.   "This bar remains in effect when State officials are sued for damages in their official capacity." *Id.*   Because the Plaintiffs are seeking damages against the Defendants in the amount of $50,000, that aspect of the Plaintiffs' claim is barred by the Eleventh Amendment.

---

[3] The West Virginia Department of Health and Human Services has been divided into three separate agencies: the West Virginia Department of Health, the West Virginia Department of Human Services, and the West Virginia Department of Health Facilities.   *See* W. Va. Code § 5F-2-1a.

However, the Plaintiffs not only seek damages but an injunction for the expungement of their records.   There is an exception under *Ex parte Young*, 209 U.S. 123 (1908), "which permits a federal court to issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law."  *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010) (citing *Ex parte Young*, 209 U.S. at 159-60).   However, the *Ex parte Young* exception does not permit "a court's grant of any type of relief, whether retrospective or prospective, based upon a State official's violation of State law."   *Bragg v. W. Va. Coal Ass'n*, 248 F.3d 275 (4th Cir. 2001) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)); *see also Stewart v. Nottoway Cnty.*, 684 F.Supp.3d 467, 480 (E.D. Va. 2023).   Because the Plaintiffs claim that the Defendants are in violation of several West Virginia statutes, and have not demonstrated that the Defendants are violating federal law, they cannot establish that *Ex parte Young* is applicable to their claim for an expungement.[4]   Therefore, the Eleventh Amendment bars suit against the Defendants in their official capacities.

Assuming that the Plaintiffs are bringing this action against the Defendants in their personal capacities as stated in their objection, the Defendants would be entitled to qualified immunity. Qualified immunity protects government officials sued in their personal capacity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *King v. Riley*, 76 F.4th 259, 264-65 (4th Cir. 2023) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).   "To overcome qualified immunity, a plaintiff must show (1) that the government official violated a statutory or constitutional right and (2) that right

---

[4] Similarly, even if the *Ex parte Young* exception did apply, the Plaintiffs would not be able to rely on the Defendants' alleged violations of West Virginia law to establish their § 1983 because "[c]onduct violating state law without violating federal law will not rise to a § 1983 claim."   *Snider Int'l Corp. v. Town of Forest Heights, Md.*, 739 F.3d 140, 145 (4th Cir. 2014) (citing *United States v. Van Metre*, 150 F.3d 339, 347 (4th Cir. 1998)).

was clearly established at the time of the challenged conduct." *Id.* at 265 (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).

The Plaintiffs have not demonstrated that the Defendants have violated a clearly established right. Insofar as the Plaintiffs are seeking the expungement of their records, courts have not recognized a right to expungement. *See, e.g.*, *Hodge v. Jones*, 31 F.3d 157, 166 (4th Cir. 1994) (finding that the plaintiffs did not have "a right of expunction of unsubstantiated abuse records" because "there is no automatic right to expunction once an individual's name has been cleared" and "arrest and criminal records are matters of public record, easily obtained upon request"); *Nunez v. Pachman*, 578 F.3d 228, 234 (3d Cir. 2009) (explaining that because the plaintiff's criminal records "are inherently public," they "are thus beyond the purview of the Due Process Clause"); *Duke v. White*, 616 F.2d 955, 956 (6th Cir. 1980) (stating that "[t]he right to expungement of state records is not a federal constitutional right"); *Abdelfattah v. U.S. Dep't. of Homeland Sec.*, 787 F.3d 524, 538 (D.C. Cir. 2015) (refusing to "recognize a nebulous right to expungement of government records that are inaccurate, were illegally obtained, or are 'prejudicial without serving any proper purpose'").

Further, to the extent that the Plaintiffs assert that the Defendants have violated their right to become adoptive parents, courts also have declined to recognize such a right, much less that such a right is clearly established. *See, e.g.*, *Adar v. Smith*, 639 F.3d 146, 162 (5th Cir. 2011) (stating that "adoption is not a fundamental right"); *Lindley for Lindley v. Sullivan*, 889 F.2d 124, 131 (7th Cir. 1989) (finding "neither a fundamental right nor a privacy interest in adopting a child"); *Mullins v. State of Or.*, 57 F.3d 789, 794 (9th Cir. 1995) (finding no support for "the proposition that a grandparent, by virtue of genetic link alone, enjoys a fundamental liberty interest

9

in the adoption of her grandchildren"); *Lofton v. Sec'y of Dep't of Children and Family Servs.*, 358 F.3d 804, 812 (11th Cir. 2004) (explaining that "there is no fundamental right to adopt or to be adopted"); *see also Elwell v. Byers*, 699 F.3d 1208, 1219 (10th Cir. 2012) (reversing district court's denial of summary judgment on qualified immunity grounds despite recognizing that the plaintiffs' Fourteenth Amendment rights were violated because "no court had answered whether preadoptive parents in the [plaintiffs'] position possessed a liberty interest in familial association").   Because the Plaintiffs have not demonstrated that the Defendants have violated a clearly established right, the Defendants are entitled to qualified immunity.   Accordingly, the Plaintiffs' objections as to the Defendants' sovereign and qualified immunity should be overruled.[5]

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's *Objections* (Document 27) be **OVERRULED**, that the PF&R be **ADOPTED**, that the Plaintiffs' *Motion for Case No. 25-C-1480 to Remain in the Circuit Court of Kanawha County, West Virginia* (Document 5) be **DENIED**, and that the *Defendants' Motion to Dismiss* (Document 12) be **GRANTED**.   The Court further **ORDERS** that the Plaintiffs' *pro se Complaint* (Document 1-1) be **DISMISSED**, and that this matter be removed from the Court's docket.   Any pending motions are hereby **TERMINATED as moot**.

---

[5] Having found that, regardless of whether the Plaintiffs are asserting an action against the Defendants in their official or personal capacities, the Defendants are shielded by sovereign and qualified immunity, the Court need not address any remaining objections by the Plaintiffs.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    May 5, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

11